# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cr21

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| SHANE LOUIS WALKINGSTICK, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on February 2, 2007 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Raquel K. Wilson, and that the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted that he had violated the term and condition of pretrial release that ordered him not to use or consume alcohol. The Government introduced, without objection, the violation report into evidence.

The defendant was charged, in a bill of indictment filed on August 8, 2006 with

engaging and attempting to engage in a sexual act with another person who had not attained the age of 16 years and who was at least four years younger than the defendant in violation of 18 U.S.C. § 2243 & 1153.  On October 6, 2006 the defendant entered a plea of guilty to count one as contained in the bill of indictment.  On December 21, 2006, a hearing was held in regard to the detention of the defendant.  On that date, the undersigned entered an order releasing the defendant on a $30,000.00 unsecured bond.  The undersigned further set conditions of release which included the following:

>(7)(l)  The defendant shall refrain from any use of alcohol.  Another condition was set forth in the order which ordered the defendant to: "Do not consume any alcohol".

On January 30, 2007 the defendant consumed alcohol, that being two beers.  The defendant admitted to his United States Probation Officer that he had consumed alcohol.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>(1)     finds that there is----
>    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>    (B) clear and convincing evidence that the person has violated any other condition of release; and
>(2)     finds that ---
>    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>    (B) the person is unlikely to abide by any condition or combination of conditions of release.

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing evidence taht the defendant has violated a condition of release, that being the two conditions which required him not to consume or use any type of alcohol.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: February 13, 2007

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge